John M. Wilkinson v. Henry Becker, Appellant.

*Contract—Building contract—Defective performance—Mechanic's lien.*

On a scire facias sur mechanic's lien for plumbing and gas fitting in a house under a written contract, the defense set up was that plaintiff had not substantially performed the contract. It appeared that defendant had moved into the house, and for one year and a half there was a dispute between him and the plaintiff as to the character of the plumbing work. During this period there was no suggestion by defendant that the defects were of such a character as to release him from the payment of the whole

price, and plaintiff's right to a just compensation had been repeatedly recognized. Defendant finally wrote: "I will not accept the plumbing and gas fitting until all is complete, and unless you immediately comply with the contract, I will employ a competent plumber to do so, and deduct the cost from the contract price." *Held*, (1) that while the use and occupation of the house imposed no liability on defendant to pay for the defective work, and none would have been imposed by remedying the defects, yet the notice given left the plaintiff free to do the work himself, or have it done at his cost by the defendant; (2) that plaintiff was entitled to recover the contract price less the amount paid by defendant to complete the work; (3) that a provision in the contract relating to the architect's approval was waived by the undertaking of the defendant to complete the work, and deduct the cost from the contract price; (4) that formal acceptance of the notice by the plaintiff was not essential, because the notice was an affirmance of the defendant's rights under the contract.

Argued Jan. 31, 1898. Appeal, No. 242, Jan. T., 1897, by defendant, from judgment of C. P. Montgomery Co., Oct. T., 1893, No. 153, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLLAMS, DEAN and FELL, JJ. Affirmed.

Scire facias sur mechanic's lien. Before SWARTZ, P. J.
The facts appear by the opinion of the Supreme Court.

The trial judge charged, inter alia, as follows :
There is still another view of this case, and to that I call your careful attention, because it may be the key to the whole situation. Was this work accepted by the defendant? If it was not, according to the contract, he was not bound to receive it. He could fold his arms and say, "Do your work according to your contract, make it satisfactory to the architect, and until that is done I won't pay." He could stand and take that position and it would be tenable in a court of justice. [But if, on on the other hand, he were dissatisfied with it as to some particulars, it did not suit him because it was not in strict compliance with the contract, and there were some deviations from the contract, if he said to the man who did the work, "I want you to come back and do this work right, according to your contract, and I won't accept the job until it is done;" but if he also says and gives him notice that "unless you do this contract as you agreed to do it I will employ somebody else to do it, and now give you notice that I will do so and will charge whatever cost or expense I may have to perfect your work,"

then it raises an entirely different issue. Because, if he agreed to take the work, bad as it may have been, and undertook to have it corrected himself at the expense of the plaintiff, and the plaintiff then remained away and did not complete the work, the plaintiff may well say, " I stood upon my right. You said if I did not make it satisfactory you would, and would charge me with it, and I now am here to demand the money that is due me ; that is, my contract price, less the amount that it was necessary for you to expend to put this work into the condition that I ought to have put it in under my specifications."] [2] I call your careful attention to the letter of November 8, 1890. [Here the defendant specifies wherein he objects to this work and wherein it is defective, and then closes the letter in this way : " I will not accept plumbing and gas fitting until all is completed, and unless you immediately comply with the contract I will employ a competent plumber to do so and deduct the cost from the contract price." If that stands, and if that declaration in that letter was not changed or withdrawn by any subsequent letter or by any subsequent act or conduct on the part of the defendant or on the part of the respective parties, then I charge you that that was an undertaking on the part of the defendant to complete this work if the plaintiff failed to do it, and charge the plaintiff with the proper and necessary expense to make it complete. It was not necessary that Mr. Wilkinson should respond to that letter and agree that the defendant might do what is set forth in that letter, because the defendant had a right to complete it and say that he would complete it if the plaintiff failed to do so.] [3] As I said before, he was not bound to do it. He could stand and fold his arms and say, " I won't touch this contract and I won't pay you a cent. You were to do the work and I expect you or your men to do the work. Until it is done I owe you nothing." But he could waive his rights under that contract. He could say, " I will waive my right so far as insisting upon your personal compliance with the contract in every particular. I will have it done if you won't do it, and charge you with the cost."

[Was there any change or alteration in the position taken by the defendant in that letter? It is said that afterward the plaintiff came, through his workmen, and did some work. Did that change the declaration or position taken by the defendant?

While the plaintiff had the right to go there and attempt to correct it, if he failed to do so then the defendant, still, under his declaration, could make the corrections that the plaintiff failed to make, and charge him with the cost of those corrections. Then it is said there was talk of an arbitration. What was the purpose of the arbitration? Was it to determine whether there was anything due upon the contract, or was it to determine what allowance should be made the defendant for defective workmanship or defective materials? It seems that the talk was simply about this arbitration, and did not bring about any practical result. The plaintiff failed to send down the paper that he expected to prepare, and so the effort to arrange or settle their matters in that way failed. Is there anything else? Are there any letters or any other matters in this case to show that the proposition or declaration made in the defendant's letter was withdrawn between these parties or on the part of the defendant? If there was not, then I fail to see why this plaintiff should not be entitled to recover the contract price, less what would be the reasonable and necessary expense to put this work in the condition that the plaintiff ought to have put it under his contract.] [4] If, however, you find from the conduct of the parties, from their relations, from subsequent actions, that it was understood between them that the declaration that the defendant had made in his letter of November 8, should be withdrawn, then a different situation may arise. [But you can see that when the declaration was made it would be manifestly unfair if the plaintiff were misled by it, because when the declaration was made that the defendant himself would do the work and charge him, it may well be that the plaintiff concerned himself no further about it.] [5] The plaintiff might well say that it would be easier or simpler for him to allow the defendant to have the work done by other workmen to his own satisfaction than to attempt to satisfy him, and if he did that, and the defendant afterward failed to do it, but afterward took the position that nothing was due because the work was not done, then you might well find that the action on the part of the defendant has misled the plaintiff to his injury.] [6] Something has been said about the defendant moving into this house. I charge you that simply because he moved into this house, because he used some of the material that was fur-

nished there by the plaintiff, that would not be an acceptance of this work. Because the work may not have been up to the requirements of the contract, that would not prevent the defendant from occupying his house or compel him to let it stand there idle and go to waste or to ruin. The law is not so. If you find under this testimony that the defendant undertook or declared that he would complete this job according to the terms of the contract and charge the plaintiff with whatever the cost would be and deduct it from the contract price, then your next inquiry will be how much should be deducted. If, however, you find that there was no such arrangement—I do not mean to say there was no such arrangement, because [I charge you that the letter was a declaration of acceptance of the work, subject to the proviso that deduction should be made for the cost] [7]—but if you find that subsequently that declaration was by the conduct of the parties recalled or changed, then, of course, the plaintiff could not recover in this case by reason of the letter of November 8, 1890. But if that letter stands, [if the parties did not do anything to change it, then the defendant in this case cannot retreat from the position that he took and stated here, and say now that he will not pay anything, although he may show that he did not do the work that he said he would do if the plaintiff failed to do it.] [8]

Plaintiff's fifth point and the answer thereto were as follows:

5. The notice to the plaintiff, contained in letter of the defendant, under date of November 8, 1890, that "I will not accept plumbing and gas fitting until all is complete, and unless you immediately comply with contract I will employ a competent plumber to do so, and deduct the cost from the contract price," constitutes an election on the part of the defendant to accept the plumbing and gas fitting, subject to such deductions from the contract price as may be reasonably necessary to put the plumbing work and gas fitting, as furnished, in the condition called for by the contract and specifications. *Answer:* This is true, as I have already endeavored to explain to you. [11]

Verdict and judgment for plaintiff for $1,084.89. Defendant appealed.

*Errors assigned* among others were (2–8, 11) above instructions, quoting them.

*W. Henry Sutton,* for appellant.—No right of action accrued until the architect's certificate was procured: Kirtland v. Moore, 40 N. J. Eq. Rep. 106; Kennedy v. Poor, 151 Pa. 472; Gowan v. Pierson, 166 Pa. 258.

Appellant contends that no evidence should be allowed to show what Mr. Becker paid for repairs if he made any, because, there being no satisfactory performance shown, there can be no recovery for a part performance: Wilkinson v. Becker, 155 Pa. 194; Hartman v. Meighan, 171 Pa. 46; Singerly v. Thayer, 108 Pa. 291; Howard v. Smedley, 140 Pa. 81.

A mere notice of an intended breach of contract is not of itself a breach of the contract, though it may become so if accepted and acted on by the other party: Zuck v. McClure, 98 Pa. 541; Dingley v. Oler, 117 U. S. 490; Leake on Contracts, 752.

*H. H. Gilkyson,* with him *William F. Solly,* for appellee.—Provisions making payment for the work subject to a certificate of approval or estimate of architect, engineer or superintendent, is not a submission to arbitration: Wadsworth v. Smith, Law Reps. 6 Q. B. Cases, 332; Stutz v. Coal & Coke Co., 131 Pa. 267.

There is good reason for the rule that the taking possession of permanent improvements on a defendant's land should not be construed to be an acceptance of the work, but where the defendant is already in possession of the property and using and occupying the same, and voluntarily agrees to complete the work, there seems to be no valid excuse for not holding him to that agreement, whether the work be permanent or the article portable.

The plaintiff in this case, honestly, and in good faith, performed the contract, and that is sufficient: Sticker v. Overpeck, 127 Pa. 446; Gallagher v. Sharpless, 134 Pa. 134; Coon v. Citizens Water Co., 152 Pa. 644; Crawford v. McKinney, 165 Pa. 609; Filbert v. City of Philadelphia, 181 Pa. 530; Whitaker v. The Lumber Co., 3 Pa. Superior Ct. 325; Shires v. O'Connor, 4 Pa. Superior Ct. 465.

OPINION BY MR. JUSTICE FELL, March 28, 1898:

The lien filed in this case was for plumbing and gas fitting

done under a written contract. The defense set up was that the plaintiff had not substantially performed the contract, and that therefore nothing was due him. On this issue the case was tried. The rule as to substantial performance was fully stated in the charge, and the jury was instructed that the mere possession and use of the house by the defendant could not be considered as an acceptance of defective work, and that it imposed no liability on him to pay any part of the contract price if the whole contract had not been substantially completed. It is conceded that the instruction on this subject was quite as favorable to the defendant as he was entitled to.

The principal objections to the charge now insisted on relate to the instruction as to the effect of the letter of November 8, 1890, written by the defendant to the plaintiff, and to the direction to the jury that if the defendant undertook to complete the work and deduct the cost from the contract price, he could not set up the non-performance of the contract as ground for withholding from the plaintiff the whole of the contract price. In the letter of November 8, the defendant, after mentioning a number of particulars in which he claims the work is incomplete, says: "These things and others have not been properly done and must be remedied. I will not accept the plumbing and gas fitting until all is complete, and unless you immediately comply with the contract I will employ a competent plumber to do so and deduct the cost from the contract price." In considering the effect to be given to this notice all the circumstances must be considered. A dispute between the parties as to the character of the work had existed for a year and a half before the letter was written, and during this period there had been no suggestion by the defendant that the defects of which he complained were of such a character as to release him from payment of the whole price, and the plaintiff's right to a just compensation had been repeatedly recognized by the defendant. The defendant had moved into the house before the work was completed, and during its progress he had supervised it, ordered changes and directed the workmen what to do. After he had occupied the house for four months, in answer to a demand for settlement he wrote the plaintiff, explaining the delay, but making no objection to the work done or to the non-performance of the contract. Fifteen months before the date of this letter

the defendant had written to the plaintiff that he would proceed to remedy the defects and charge the cost to him, and in pursuance of this notice the plaintiff's workmen had gone to the house and attempted to make the work satisfactory to the defendant. The position of the plaintiff throughout had been that he had fully complied with the contract, and that the objections to the work had not been made in good faith, but to delay or avoid payment; and when his efforts to make the work satisfactory to the defendant or to adjust their difference had failed, he assented to the proposition made rather than prolong a fruitless controversy, and was willing that the cost of remedying any defects shown to exist should be charged to him.

We see no error in holding that this notice was an election by the defendant to complete the work if the plaintiff failed to do so, and that the plaintiff could recover the contract price less the cost necessary to complete the work in accordance with the specifications. It was the right of the defendant to hold the plaintiff to the terms of the contract, and if there was a failure of performance in material matters he was not liable for any part of the contract price. His use and occupation of the house imposed no liability on him to pay for the defective work, and none would have been imposed by remedying the defects and supplying the omissions in the work. But the notice given left the plaintiff free to do the work himself or to have it done at his cost by the defendant; it did not leave the defendant free to assert that he was not answerable for the value of the work done because the whole had not been completed.

If the architect's approval was a prerequisite to recovery by the plaintiff, it was waived by an undertaking by the defendant to complete the work and deduct the cost from the contract price. We agree with the learned trial judge that as the notice was an affirmance only of the defendant's rights under the agreement, its formal acceptance by the plaintiff was not essential, and that the evidence did not show that an agreement to arbitrate had been entered into by the parties. The case was carefully and ably tried, and we find no error in the record.

The judgment is affirmed.